**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| AG AND FOOD ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV202 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WHITEBOX ADVISORS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion of Domina Law Group PC LLO, David A. Domina, and Jason B. Bottlinger to withdraw as counsel for the plaintiff (Filing No. 14) and the plaintiff's Motion for Additional Time (Filing No. 15).  The defendants do not oppose the relief sought.

Moving counsel seeks to withdraw because at least one of them is likely to be a necessary witness in the case and continuing service may conflict with the professional rules of responsibility.  **See** Filing No. 14.  Moving counsel have informed the plaintiff of the circumstances by letter and the pending motion.  *Id.*  The court notes no substitute counsel has yet appeared in this matter for the plaintiff.  "[A] corporation may appear in the federal courts only through licensed counsel."  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).  The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*."  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel").  In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct*, 86 F.3d at 857.  As an initial matter, the plaintiff shall have an opportunity to respond to the motion to withdraw.  If the plaintiff fails to respond or obtains substitute counsel, the court will grant the motion to withdraw.  In the event the motion to withdraw is granted, failure to have substitute counsel enter an

appearance may result in an order striking the complaint. See Fed. R. Civ. P. 55. However, counsel shall not be given leave to withdraw as attorneys for the plaintiff until substitute counsel has entered an appearance or other order of the court. Under the circumstances, the plaintiff has shown good cause for the request for additional time to submit a discovery planning report, respond to the defendants' counterclaims, and seek substitute counsel. Accordingly,

**IT IS ORDERED:**

1. Domina Law Group PC LLO, David A. Domina, and Jason B. Bottlinger 's motion to withdraw as counsel for the plaintiff (Filing No. 14) is held in abeyance until August 16, 2010.

2. The plaintiff shall have until **on or before August 16, 2010**, to file a response to the motion to withdraw with the Clerk of Court. If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted.

3. Moving counsel shall immediately serve a copy of this order on the plaintiff and file a certificate of service therefore.

4. The plaintiff's Motion for Additional Time (Filing No. 15) is granted.

5. The plaintiff shall have to **on or before September 3, 2010**, to respond to the defendants' Answer and Counterclaim (Filing No. 13).

6. The parties shall have to **on or before September 20, 2010**, to file a planning report as required by Fed. R. Civ. P. 26(f).

DATED this 16th day of July, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge