IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AG AND FOOD ASSOCIATES, LLC,<br>a Nebraska limited liability company, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 8:10CV202 |
| vs. | )<br>) | ORDER<br>and |
| WHITEBOX ADVISORS, LLC, and<br>RIVERLAND AG CORP., | )<br>)<br>) | FINDINGS AND RECOMMENDATION |
| Defendants. | ) | |

    This matter is before the court on the motion of Domina Law Group PC LLO, David A. Domina, and Jason B. Bottlinger to withdraw as counsel for the plaintiff (Filing No. 14). Moving counsel seeks to withdraw because at least one of them is likely to be a necessary witness in the case and continuing service may conflict with the professional rules of responsibility.  **See** Filing No. 14.  Moving counsel have informed the plaintiff of the circumstances by letter and the pending motion.  *Id.*  By order dated July 16, 2010, the court held moving counsel's motion in abeyance for one month to allow the plaintiff an opportunity to object to the motion or obtain substitute counsel.  **See** Filing No. 16.  Moving counsel filed proof of service of the order on the plaintiff.  **See** Filing No. 17.  The plaintiff did not respond to the order.

    The court notes no substitute counsel has yet appeared in this matter for the plaintiff.  "[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).  The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*."  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel").  In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its

counsel is permitted to withdraw from the case without substitute counsel appearing. *Ackra Direct*, 86 F.3d at 857.

Under the circumstances, the court concludes good cause exists for Domina Law Group PC LLO, David A. Domina, and Jason B. Bottlinger to withdraw as attorneys for the plaintiff. **See** NEGenR 1.3(f). Further, this court allowed the plaintiff additional and ample opportunity to obtain substitute counsel, which the plaintiff failed to do. Failure to comply with this court's orders may result in sanctions against a party and claims asserted by the plaintiff's claims may be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), if it is not represented by counsel. Since Ag and Food Associates, LLC must be represented by counsel in this court, the undersigned magistrate judge will recommend that its claims be dismissed without prejudice because it is no longer represented by counsel. Additionally, default on the defendants' counterclaim may be appropriate based on the plaintiff corporation's failure to obtain counsel. However the plaintiff, as previously requested, has until September 3, 2010, to obtain counsel and to respond to the defendants' Answer and Counterclaim (Filing No. 13). Accordingly,

**IT IS ORDERED:**

1. Domina Law Group PC LLO, David A. Domina, and Jason B. Bottlinger's motion to withdraw as counsel for the plaintiff (Filing No. 14) is granted.

2. The Clerk of the Court shall mail a copy of this Order and Findings and Recommendation to Ag and Food Associates, LLC, at the addresses designated in Mr. Domina's Certificate of Service (Filing No. 17).

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

All claims asserted by Ag and Food Associates, LLC be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and NECivR 41.2, because it is no longer represented by counsel.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order and Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy. Failure to timely object may constitute a waiver of any objection. Failure to file a brief at the time of filing an objection may be deemed an abandonment of the objection.

DATED this 27th day of August, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge